IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM STEVEN MCGREW, SR.      §
(TDCJ No. 1775946),             §
                                §
          Plaintiff,            §
                                §
V.                              §        No. 3:14-cv-679-B-BN
                                §
CITY OF WICHITA FALLS, ET AL.,  §
                                §
          Defendants.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

## Background

This is a civil rights action brought by William Steven McGrew, Sr., a Texas inmate appearing *pro se*, against the City of Wichita Falls, the Wichita Falls Police Department, an attorney located in Wichita County, a Wichita County district judge, the Wichita County District Attorney, and the Wichita County Sheriff's Department. Plaintiff claims that he was unlawfully arrested, that his parole was unlawfully revoked, and that he is unlawfully imprisoned. *See* Dkt. No. 3 at 4. He further claims that excessive force was used against him, that his grandmother was assaulted by police officers, that "Eastside" property taxes for black homeowners, disabled individuals, and old people are unlawful, and that he has wrongfully been classified as a gang member.

*See id.* at 5. By this lawsuit, Plaintiff seeks $3.5 million in monetary damages and discharge from state custody. *See id.* at 4.

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis. See* Dkt. No. 4. The undersigned now concludes that Plaintiff should not be allowed to proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton*

*Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff has filed at least three civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim. *See McGrew v. Bush*, No. 7:97-cv-254 (N.D. Tex. Jan. 19, 1998) (dismissing action as frivolous; appeal no. 98-10107 dismissed as barred by three strikes); *McGrew v. Bush*, No. 7:96-cv-56 (N.D. Tex. Feb. 13, 1997) (dismissing action as frivolous; appeal no. 97-10198 dismissed as frivolous); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158 (5th Cir. 1995) (affirming district court's dismissal for failure to state a claim); *McGrew v. Rodriguez*, No. 94-11042 (5th Cir. Jan. 26, 1995) (dismissing appeal as frivolous); *McGrew v. Seven Eleven Stores*, No. 7:93-cv-141 (N.D. Tex. Oct. 28, 1993) (dismissing action as frivolous; affirmed on appeal, No. 93-9020). He has made no showing that he is under imminent danger of serious physical injury. Accordingly, he should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

Plaintiff's complaint should be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and the $50.00 administrative fee within thirty days of dismissal.

To the extent, if any, that Plaintiff raises claims cognizable in a petition for writ of habeas corpus, those claims should be dismissed without prejudice.  Plaintiff is hereby put on notice that there is a one-year statute of limitations applicable to both federal habeas actions attacking state criminal convictions and motions to vacate, correct, or set aside sentence filed in federal criminal cases. *See* 28 U.S.C. §§ 2244(d) & 2255(f).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-